**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| PATRICK PLUMLEY,<br><br>                Plaintiff,<br><br>    v.<br><br>GRAYBUG VISION, INC., CHRISTY SHAFFER, CHRISTINA ACKERMANN, JULIE EASTLAND, ERIC BJERKHOLT, FRED GUERARD, and DIRK SAUER,<br><br>                Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Patrick Plumley ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Graybug Vision, Inc. ("Graybug" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed merger of the Company with CalciMedica, Inc. ("CalciMedica").[1]

2. On November 21, 2022, the Company entered into an Agreement and Plan of Merger and Reorganization (the "Merger Agreement") with CalciMedica and Camaro Merger Sub, Inc. ("Merger Sub"). The Merger Agreement provides that CalciMedica stockholders will receive

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

0.4073 shares of Graybug common stock for each CalciMedica common share.[2]

3. The Company's corporate directors subsequently authorized the February 9 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote on the Proposed Transaction, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to

---

[2] The Merger Agreement requires the Company to issue approximately 63.2 million additional shares of Graybug common stock (the "Share Issuance"). Nasdaq listing rules obligate Graybug to secure stockholder approval before issuing 20% or more of its outstanding common stock. Thus, the Proposed Transaction is contingent upon Graybug shareholders voting to approve the proposed Share Issuance. CalciMedica stockholders will own approximately 71.4%, and Graybug stockholders will own approximately 28.6% of the combined company upon consummation if the Proposed Transaction.

[3] The stockholder vote on the Proposed Transaction currently is scheduled for March 15, 2023.

2

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Graybug common stock.

10. Defendant Graybug is a Delaware corporation with its principal executive offices located at 274 Redwood Shores Parkway, P.O. Box 144, Redwood City, California 94065. Graybug's shares trade on the Nasdaq Global Market under the ticker symbol "GRAY." Graybug has historically been a clinical-stage biopharmaceutical company focused on developing transformative medicines for the treatment of ocular diseases. Graybug's proprietary technologies are designed to release drugs in ocular tissue at a controlled rate for up to 12 months in order to improve patient compliance, reduce healthcare burdens and, ultimately, deliver better clinical outcomes. Graybug's lead product candidate, GB-102, is an intravitreal injection of a microparticle depot formulation of sunitinib, a potent inhibitor of neovascular growth and permeability, which are leading causes of retinal disease. GB-102 is designed to provide pan-vascular endothelial growth factor inhibition for six months or longer while minimizing fluctuations in retinal thickness in between treatments, which is emerging as predictive of visual

outcomes. The Company has also been using its proprietary technologies to develop GB-401, an intravitreally injected implant formulation of a beta-adrenergic blocking agent prodrug with a target dosing regimen of once every six months or longer for the treatment of primary open-angle glaucoma. In August 2022, the Board determined to terminate Graybug's activities related to its GB-102 and GB-401 programs.

11.     Defendant Christy Shaffer is and has been Chair of the Board and a director of the Company at all times relevant hereto.

12.     Defendant Christina Ackermann is and has been a director of the Company at all times relevant hereto.

13.     Defendant Julie Eastland is and has been a director of the Company at all times relevant hereto.

14.     Defendant Eric Bjerkholt is and has been a director of the Company at all times relevant hereto.

15.     Defendant Frederic Guerard is and has been President, Chief Executive Officer and a director of the Company at all times relevant hereto.

16.     Defendant Dirk Sauer is and has been a director of the Company at all times relevant hereto.

17.     Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

18.     On November 21, 2022, the Company and CalciMedica jointly announced in relevant part:

REDWOOD CITY, Calif. and LA JOLLA, Calif., Nov. 21, 2022 (GLOBE NEWSWIRE) -- Graybug Vision, Inc. (Nasdaq: GRAY) (Graybug) and CalciMedica Inc. (CalciMedica) today announced that they have entered into a definitive merger agreement to combine the companies in an all-stock transaction. The combined company will focus on further developing CalciMedica's lead product candidate Auxora™, a proprietary, intravenous-formulated, small molecule calcium-release activated calcium (CRAC) channel inhibitor, to treat life-threatening inflammatory diseases, such as acute pancreatitis (AP), asparaginase-associated pancreatitis (AAP), acute kidney injury (AKI), and acute hypoxemic respiratory failure (AHRF), for which there are no currently approved therapies. Auxora, which modulates the immune response and protects against tissue cell injury, has been studied in four completed efficacy clinical trials, demonstrating positive and consistent clinical results, as well as a favorable safety profile. Subject to each company's stockholder approval, the combined company is expected to trade on the Nasdaq Global Market.

With approximately $35 million in cash and cash equivalents anticipated from the combined company, including a private placement financing expected to occur immediately prior to the merger closing, the combined company is expected to have a cash runway into the second half of 2024, funding the advancement of Auxora in AP and AAP through clinical milestones in 2023. The proposed merger is expected to close in the first quarter of 2023.

"After completing a comprehensive strategic review, we determined that the proposed merger with CalciMedica would provide the best return for Graybug stockholders moving forward," said Frederic Guerard, Pharm.D., Chief Executive Officer of Graybug. "The decision by our management and board of directors to select CalciMedica to be our merger partner will allow our stockholders to participate in a company with a strong clinical-stage pipeline poised to revolutionize treatment for large, underserved patient populations suffering from life-threatening inflammatory diseases worldwide."

The combined company plans to advance the development of Auxora through multiple clinical trials and anticipates the following milestones in 2023:

- **Results from an ongoing Phase 2b clinical trial (CARPO) in AP patients with systemic inflammatory response syndrome (SIRS) in second half of 2023** — CARPO is a randomized, double-blind, placebo-controlled, dose-ranging trial intended to establish efficacy in AP. It is expected to enroll 216 patients. AP can be a life-threatening condition where the pancreas becomes inflamed, sometimes leading to pancreatic cell death or necrosis, systemic inflammation, and organ failure. There are an estimated 275,000 hospitalizations for AP annually in the United States, of which approximately 40% present with SIRS, which can compromise the function of other tissues or organs, including the lungs, and is responsible for much

5

of the mortality seen in AP. Details of the CARPO trial are available on clinicaltrials.gov (NCT04681066).

- **Results from an ongoing investigator-sponsored Phase 1/2 clinical trial (CRSPA) in pediatric patients who develop AAP as a result of treatment with asparaginase for their underlying acute lymphoblastic leukemia (ALL) in first half of 2023** — CRSPA is a Phase 1/2 trial being conducted in pediatric patients with AAP, which is acute pancreatitis resulting from the administration of asparaginase.  Treatment with asparaginase triggers the development of AAP in 7-10% of patients with ALL, with more than half of those patients developing pancreatic necrosis.  CalciMedica believes that the CRSPA trial has defined an optimal pediatric dose and plans to meet with the U.S. Food and Drug Administration in the first half of 2023 to determine the path forward for a potential accelerated approval of Auxora.  Details of the CRSPA trial are available on clinicaltrials.gov (NCT04195347).

"I'm extremely pleased to announce this proposed merger with Graybug, which comes at a pivotal time for our company," said Rachel Leheny, Ph.D., Chief Executive Officer of CalciMedica.  "This transaction will provide us with the financial strength to advance the development of our lead candidate, Auxora, in life-threatening inflammatory illnesses.  We have multiple value-driving milestones expected over the next 12 months, including data from our Phase 2b CARPO clinical trial in patients with AP and a potential path to accelerated approval for Auxora in AAP.  At CalciMedica, we are focused on delivering novel therapies that target CRAC channel inhibition to underserved patients with life-threatening inflammatory diseases for which no approved therapies exist.  This transaction serves as a significant next step in the advancement of our important mission."

**About the Proposed Transaction, Management and Organization**

Graybug equity holders are expected to collectively own approximately 29% of the combined company, and pre-merger CalciMedica equity holders are expected to collectively own approximately 71% of the combined company, in each case, on a fully diluted basis using the treasury stock method.  The percentage of the combined company that Graybug's equity holders will own as of the close of the transaction is subject to certain adjustments as described in the merger agreement, including an adjustment based on the amount of Graybug's net cash at closing.

Following the merger, the combined company will be headquartered in La Jolla, California and Rachel Leheny, Ph.D., will serve as Chief Executive Officer of the combined company.  The merger agreement provides that the board of directors of the combined company will be composed of seven members, five selected by CalciMedica and two selected by Graybug.

6

The merger agreement has been unanimously approved by the boards of directors of both companies and is subject to the approvals by the stockholders of each company and other customary closing conditions.

Piper Sandler is serving as financial advisor and Fenwick & West LLP is serving as legal counsel to Graybug. Oppenheimer & Co. Inc. is serving as financial advisor and Cooley LLP is serving as legal counsel to CalciMedica.

**The Materially Incomplete and Misleading Proxy Statement**

19. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on January 10, 2022. The Proxy Statement, which recommends that Graybug stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for the Company; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor Piper Sandler & Co. ("Piper Sandler"); and (c) potential conflicts of interest affecting Piper Sandler.

*Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for Graybug*

20. The Proxy Statement fails to disclose material information concerning the financial forecasts for Graybug, including the financial forecasts for each of CalciMedica's product candidates.[4]

21. The Proxy Statement also fails to disclose the non-probability of success adjusted

---

[4] According to the Proxy Statement, "from September 28, 2022 through November 18, 2022, each party, and its advisors, conducted a due diligence review with respect to the other party, including . . . meetings between members of the senior management of Graybug and CalciMedica and their respective financial and legal advisors at which the parties reviewed the financial projections of CalciMedica (as discussed in the section entitled *The Merger—Certain Unaudited Financial Projections and Liquidation Analysis*"), its intellectual property and product candidates." Proxy Statement at 101.

financial projections for CalciMedica.[5]

22. The Proxy Statement further fails to disclose the line items underlying CalciMedica's forecasted EBITDA and Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Piper Sandler's Financial Analyses*

23. The Proxy Statement also fails to disclose material information concerning Piper Sandler's financial analyses.

24. With respect to the *Discounted Cash Flow Analysis* of CalciMedica performed by Piper Sandler, the Proxy Statement fails to disclose: (a) the inputs and assumptions underlying the range of discount rates utilized in connection with the analysis; and (b) the implied number of shares of Graybug common stock to be issued in the Proposed Transaction, derived by Piper Sandler for the analysis.

25. With respect to the *Selected Public Companies Analysis* and *Selected IPOs Analysis* performed by Piper Sandler, the Proxy Statement fails to disclose the respective individual multiples and financial metrics for each of the companies and initial public offerings analyzed by the financial advisor.

*Material Misrepresentations and/or Omissions Concerning Piper Sandler's Potential Conflicts of Interest*

26. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by Piper Sandler, including the details of any services Piper Sandler has performed for CalciMedica in the two years preceding the date of its fairness opinion and any compensation Piper Sandler received in connection with such services.

27. The omission of the above-referenced information renders statements in the

---

[5] The Proxy Statement describes the projections for CalciMedica as "reflect[ing] assumptions regarding probability of success[.]" *Id.* at 122.

"Certain Unaudited Financial Projections and Liquidation Analysis" and "Opinion of Graybug's Financial Advisor" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

28.    Absent disclosure of the foregoing material information prior to the vote on the Proposed Transaction, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Graybug**

29.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

30.    The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Graybug is liable as the issuer of these statements.

31.    The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

32.    The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

33.    The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on

9

the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

34. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

35. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

36. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act Against the Individual Defendants

37. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

38. The Individual Defendants acted as controlling persons of Graybug within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Graybug and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

39. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

40.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

41.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

42.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Graybug, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, unless and until defendants disclose the material information identified above that has been omitted from the Proxy Statement;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.  Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: February 15, 2023

**LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*